# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILBERT CARRILLO<br>　　Plaintiff, | § § § | |
| V. | § § | CIVIL ACTION NO. 4:17-cv-2310 |
| SU FAMILIA CARS & TRUCKS, LLC<br>And SINA DARVISH KOJOURI<br>　　Defendants. | § § § § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Wilbert Carrillo, by Defendants Su Familia Cars & Trucks, LLC and Sina Darvish Kojouri.

### Parties

1. Plaintiff Wilbert Carrillo ("Carrillo"), is a former employee of Defendants and is represented by the undersigned.

2. Defendant Su Familia Cars & Trucks, LLC ("Su Familia") is a Texas limited liability company that employed the Plaintiff, and is an "enterprise" as that term is defined by the FLSA. With respect to Plaintiff, Su Familia is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Su Familia may be served with process through its registered agent Arash Darvish Kojori at 5802 North Freeway, Houston, Texas 77076 or wherever he may be found.

3. Defendant Sina Darvish Kojouri ("Kojouri") is an individual who was also an

"employer" of Carrillo as that term is defined by the FLSA. With respect to Plaintiff, Kojouri is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Kojouri was a person who determined and directly controlled the employee compensation policies of Su Familia. Defendant Kojouri may be served with process at 5802 North Freeway, Houston, Texas 77076, 1524 Maryland St, Houston, Texas 77006 or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, buying and selling cars through interstate commerce, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5. Plaintiff Carrillo worked as a porter/car detailer for Defendants from April of 2016 until June of 2017. Carrillo's duties consisted of but were not limited to opening, closing and securing the office, locking chains on gates, walking around the building to assure windows and doors were locked, checking on parked vehicles, arming the alarm inside the building, monitoring the surrounding areas of the building, car washing and detailing vehicles on the lot. Plaintiff consistently worked over 40 hours per week; in fact, Plaintiff worked 6 days per week, and generally worked 60 or more hours per week. Plaintiff was paid on a salary basis and was not paid the required overtime premium for those hours worked over 40 hours per workweek; instead, Plaintiff was paid a set salary for all hours worked during the workweek, including the hours worked over 40 in each workweek.

6. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

7. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Plaintiffs' Allegations**

9. As a non-exempt employee, Plaintiff was entitled to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in every workweek that the Plaintiff worked in excess of 40 hours.

10. No exemption excuses the Defendants from paying Plaintiff for all time worked and the overtime premium for all hours worked over forty (40) per workweek. In addition, the

Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practices were and are clear violations of the FLSA.

## CAUSES OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed and Unlawful Deductions

11. Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

12. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

13. Defendants are liable to Plaintiff for unpaid regular and overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for Plaintiff's entire time with Defendants.

### Jury Demand

14. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An equal amount to the actual damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

/s/ Josef F. Buenker  
Josef F. Buenker  
TBA No. 03316860

        jbuenker@buenkerlaw.com
        2060 North Loop West, Suite 215
        Houston, Texas 77018
        713-868-3388 Telephone
        713-683-9940 Facsimile

        **ATTORNEY-IN-CHARGE FOR**
        **PLAINTIFF WILBERT CASTILLO**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**